## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 1:26-cv-21290-LEIBOWITZ/AUGUSTIN-BIRCH

**LA NICA PRODUCTS INC.,** *et al.,*

     *Plaintiffs,*

v.

**INTERNAL REVENUE SERVICE,**

     *Defendant.*

_____/

### ORDER

**THIS CAUSE** is before the Court upon the parties' competing proposed schedules for Defendant Internal Revenue Service ("IRS") to produce documents relevant to this action brought pursuant to the Freedom of Information Act (the "FOIA"). [ECF No. 15]. The IRS has completed its search for records requested by Plaintiffs under the FOIA, and it has identified 40,500 pages of potentially responsive records. [*Id.* at 5]. Given the IRS's current workload and staffing challenges, the IRS represents that it can process and produce only 500 pages per month, which the IRS points out other courts have found to be a reasonable rate of production. [*Id.* at 5 (citing *Middle East Forum v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 187 n.3 (D.D.C. 2018) (compiling cases and approving a 500-pages-per-month review rate); *ACLU v. U.S. Dep't of Homeland Sec.*, No. 20-CIV-0083 (PGG), 2021 WL 5449733, at *1 (S.D.N.Y. Nov. 19, 2021) (emphasizing that "[c]ourts have issued orders providing for the processing of 500 pages per month, even where that schedule will result in lengthy production periods"))]. Plaintiffs do not agree that it is reasonable for the IRS to produce only 500 pages per month in response to their FOIA request made on January 4, 2024.

The Defendant's proposal is not reasonable. Effectively, the Defendant's proposal will result in a period of *more than seven years* before the responsive records are produced. The cases cited by Defendant largely track the period when the COVID-19 pandemic resulted in understandable

dislocations and delays.  The Defendant then stands on the same generalized reasons that it has cited to various courts for more than five years (actually longer than that).  A generalized claim that workload and staffing challenges allow for a delay of more than seven years to produce documents thwarts and contravenes the clear statement of Congress to process the request "as soon as practicable."  5 U.S.C. § 552(a)(6)(E)(iii).  It also makes a mockery of federal court dockets, discovery rules, and the notion that litigation is supposed to have a purpose beyond the metaphysical.

The Defendant's default position also ignores or hides other facts that this Court states openly: (1) the amount of time that has already elapsed since the initial request was made; (2) the ability to increase or shift staff for these purposes; and (3) the existence and improvement of technology to assist in the performance of such tasks.  Also, from what the Court can glean from the nature of the records at issue (in the Complaint and the attached Exhibits), the records sought are specific, time-limited records related to specific tax examination, assessment, and collection.  The Defendant has put forward nothing that would suggest that the sensitivity, difficulty, or nature of the review and production here should be done at a rate that takes more than seven years.  Far from it: the pleaded allegations of this lawsuit and the records sought appear to indicate that the review could be done more expeditiously than normal, not less.  Nothing put before this Court by the Defendant suggests otherwise; the Defendant's portion of the joint scheduling report [ECF No. 15] does not come close to establishing that there is anything about this review and production that calls for extraordinary time.

This is the United States of America, and the public servants who staff our federal government perform impressive tasks week-in, week-out, with professionalism and dispatch.  A government agency at some point must hire the appropriate staff and obtain the tools necessary to perform basic requests for production that are required by Congress.  In the real world, individuals and businesses no longer get to claim that the COVID-19 pandemic is a reason for delay—and thank goodness for that.  If a government agency is allowed to claim that processing documents for a garden-variety FOIA

suit simply cannot be done for more than seven years due to staffing constraints, federal litigation goes through the looking glass.

Accordingly and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant shall process and produce records responsive to Plaintiffs' FOIA requests *at a minimum rate* of at least 2000 pages per month.

2. Defendant shall make its first production **no later than June 26, 2026**.

3. Defendant shall produce responsive documents on a rolling basis every thirty (30) days.

4. The parties shall file a joint status report on June 27, 2026, and every thirty (30) days thereafter, until the production is complete or the Court orders otherwise.

5. Within seven (7) days after all responsive documents have been produced, the parties must file both a motion to reopen the case and a proposed briefing schedule for the filing of cross-motions for summary judgment.

6. *The Clerk* is DIRECTED to ADMINISTRATIVELY CLOSE this case.

**DONE AND ORDERED** in the Southern District of Florida on May 6, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record